Adam Ghadiri
360 E. 1st St., #324
Tustin, CA 92780
Telephone: [949] 350-5556
Email Address: action4legal@yahoo.com

**In Pro Per**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM GHADIRI,<br><br>            Plaintiff,<br>vs.<br><br>AMERICAN TIRE DEPOT FULLERTON, a business entity; ATV, INC., a California corporation; HYE, LLC, a California limited liability company,<br><br>            Defendants | Case No.: 8:19-cv-00382-CJC-DFM<br><br>PROOF OF SERVICE ON ALL DEFENDANTS RE:<br><br>MOTION FOR ENTRY OF DEFAULT JUDGMENT BY COURT AGAINST: CENTURY SMOG TEST ONLY CENTER AND ERNEST PATTERSON |

PROOF OF SERVICE
- 1 -

ADAM GHADIRI
360 E. 1st Street, #324
Santa Ana, CA 92780
E-mail: action4legal@yahoo.com

In Pro Per

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM GHADIRI,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN TIRE DEPOT FULLERTON et al.,<br><br>Defendants | Case No.: 8:19-cv-00382-CJC-DFM<br><br>MOTION FOR ENTRY OF DEFAULT JUDGMENT BY COURT AGAINST:<br>AMERICAN TIRE DEPOT FULLERTON;<br>ATV INC.;<br>HYE LLC<br>[Fed.RulesCiv.P. Rule 55(b)]<br>Date: 11-25-19<br>Time: 1:30 p.m.<br>Courtroom: |

<u>TO THE JUDGE OF THE UNITED STATES DISTRICT COURT</u>:

As provided by Rule 55 of the Federal Rules of Civil Procedure, plaintiff ADAM GHADIRI, an individual, requests that the court enter the default judgment against the following defendants for failure to plead or otherwise defend against this action in a timely manner:

1

APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY COURT

Defendant AMERICAN TIRE DEPOT FULLERTON, a business;

Defendant ATV INC., a corporation;

Defendant HYE LLC, a limited liability company

The above-named defendants have failed to answer, plead or otherwise respond to this complaint by the plaintiff.

Accordingly, on 06-19-2019 the clerk of the court entered a default as to each of the abovementioned defendants. Judicial notice of this default by clerk per Rule 55(a) of the Federal Rules of Civil Procedure is requested per Rule 201 of the Federal Rules of Evidence. A copy of this order by clerk is attached as Exhibit #1 and is incorporated herein by reference.

The plaintiff now applies for a default judgment by the court against all of the abovementioned defendants, jointly and severally.

This request for default judgment is based on the attached supporting declaration(s), the memorandum of points and authorities, and on such other oral or written evidence as may be required.

Dated: 9/2/19

Adam Ghadiri

2

APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY COURT

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants own, operate, lease and offer a place of public accommodation, namely, a market open to the general public. Under the Americans with Disabilities Act (ADA), it is an act of discrimination for any person(s) who owns, leases (or leases to), or operates a place of public accommodation to deny the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

> a. A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations. 42 U.S.C. § 12182(b)(2)(A)(ii).
>
> b. A failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities… where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the Americans with Disabilities Act Accessibility Guidelines "ADAAG", found at 28 C.F.R., Part 36, Appendix D.
>
> c. A failure to design and construct facilities for first occupancy later than 30 months after July 26, 1990, that are readily accessible to and usable by individuals with disabilities, except where an entity can demonstrate that it is structurally impracticable to meet the requirements of such subsection in accordance with

3

APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY COURT

standards set forth or incorporated by reference in regulations issued under this subchapter. 42 U.S.C. § 12183(a)(i).

d. With respect to a facility or part thereof that is altered by, on behalf of, or for the use of an establishment in a manner that affects or could affect the usability of the facility, or part thereof, a failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals who use wheelchairs. Where the entity is undertaking an alteration that affects or could affect usability of or access to an area of the facility containing a primary function, the entity shall also make the alterations in such a manner that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains servicing the altered area, are readily accessible to and usable by individuals with disabilities where such alterations to the path of travel or the bathrooms, telephones, and drinking fountains serving the altered area are not disproportionate to the overall alterations in terms of cost and scope (as determined under criteria established by the Attorney General). 42 U.S.C. § 12183(a)(ii).

Pursuant to 28 C.F.R., Part 36, § 4.1.2 (Accessible Sites and Exterior Facilities: New Construction) and § 4.1.6 (Alterations; Parking and Passenger Loading Zones), a business or privately owned facility that provides goods or services to the public has an obligation to remove barriers to access in existing parking lots when readily achievable. Restriping accessible parking spaces and erecting necessary signs is relatively inexpensive and is, therefore, readily accessible

4

APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY COURT

to AMERICAN TIRE DEPOT FULLERTON and its owner's ATV INC. and HYE LLC. AMERICAN TIRE DEPOT FULLERTON, ATV INC. and HYE LLC have dominion and control of the parking lot spaces and, therefore, restriping a van access space and placing visible handicap signs would be readily achievable and necessary to prevent or cure a violation of the Americans with Disabilities Act [ADA]. Defendants have failed to meet these requirements and, therefore, violate the ADA and discriminate against disabled patrons.

Defendants are persons who own, operate, lease or lease to a place of public accommodation. Defendants are required to avoid discrimination and have specific duties to (1) ensure that all construction, alteration, or modification is barrier free and complies with the Americans with Disabilities Act Accessibility Guidelines (ADAAG); and/or (2) remove all existing barriers where such removal is "readily achievable," and/or (3) to provide alternatives to barrier removal. The Defendants have failed to meet these obligations.

Plaintiff therefore requests that this honorable court order the defendants to correct the code violations, namely, a) put in a fully compliant handicap parking space, including a proper sign, and including proper van access striping, and report to Plaintiff and also the court of the actual status of correction of the defects charged in Plaintiff's complaint.

Plaintiff also requests that the court impose a monetary penalty against the defendants, and each of them, liable jointly and severally, in the maximum amount authorized by the relevant laws, at least $4000.00, payable to the plaintiff plus $900 cost totaling an amount of $4,900. Plaintiff reserves the right to file a further memorandum of costs and request for award of attorney fees under Section 12205 of title 42, United States Code.

IT IS ORDERED that defendants AMERICAN TIRE DEPOT FULLERTON, ATV INC., and HYE LLC, jointly and severally, shall report to plaintiff and also to the court the actual status of correction of the violations charged in the plaintiff's complaint.

Dated: 9/2/19

                                               */s/ Adam Ghadiri*
                                               Adam Ghadiri
                                               Plaintiff

<a>
</a>
<a></a>
<a></a>

Adam Ghadiri
360 E. 1st Street, #324
Tustin, CA 92780
Telephone: [949] 350-5556
E-mail: action4legal@yahoo.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| ADAM GHADIRI, | Case No.: 8:19-cv-00382-CJC-DFM |
|---|---|
| Plaintiff, | |
| vs. | DECLARATION OF ADAM GHADIRI IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT |
| AMERICAN TIRE DEPOT FULLERTON et al., | |
| Defendants | |

ADAM GHADIRI, hereby declares under penalty of perjury, pursuant to 28 U.S.C. §1746, that the following statements are true and correct:

I am the Plaintiff in this case and I have personal knowledge of the matters stated in this declaration.

This Declaration is being submitted in support of my Motion for Default Judgment by this Court against Defendants AMERICAN TIRE DEPOT FULLERTON, ATV INC., and HYE LLC ("Defendants")

7

APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY COURT

<a></a>

**Defendant AMERICAN TIRE DEPOT FULLERTON**

The above-named defendant has failed to answer, plead or otherwise respond to this complaint by Plaintiff.

Accordingly, on 06-19-2019 the clerk of the court entered a default as to the abovementioned defendant. Judicial notice of this default by clerk per Rule 55(a) of the Federal Rules of Civil Procedure is requested per Rule 201 of the Federal Rules of Evidence. A copy of this order by clerk is attached as Exhibit #1 and is incorporated herein by reference.

The Plaintiff now applies for a default judgment by the court against the abovementioned defendant.

This request for default judgment is based on the attached supporting declaration(s), the memorandum of points and authorities, and on such other oral or written evidence as may be required.

**Defendant ATV INC.**

The above-named defendant has failed to answer, plead or otherwise respond to this complaint by Plaintiff.

Accordingly, on 06-19-2019 the clerk of the court entered a default as to the abovementioned defendant. Judicial notice of this default by clerk per Rule 55(a) of the Federal Rules of Civil Procedure is requested per Rule 201 of the Federal Rules of Evidence. A copy of this order by clerk is attached as Exhibit #1 and is incorporated herein by reference.

The Plaintiff now applies for a default judgment by the court against the abovementioned defendant.

APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY COURT

**Defendant HYE LLC**

The above-named defendant has failed to answer, plead or otherwise respond to this complaint by Plaintiff.

Accordingly, on 06-19-2019 the clerk of the court entered a default as to the abovementioned defendant. Judicial notice of this default by clerk per Rule 55(a) of the Federal Rules of Civil Procedure is requested per Rule 201 of the Federal Rules of Evidence. A copy of this order by clerk is attached as Exhibit #1 and is incorporated herein by reference.

The Plaintiff now applies for a default judgment by the court against the abovementioned defendant.

Executed on 10/2/19 at Santa Ana, CA.

Adam Ghadiri
Plaintiff

APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY COURT

Adam Ghadiri
360 E. 1st Street, #324
Tustin, CA 92780
Telephone: [949] 350-5556
E-mail: action4legal@yahoo.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM GHADIRI,<br><br>        Plaintiff,<br><br>vs.<br><br>AMERICAN TIRE DEPOT FULLERTON et al.,<br><br>        Defendants | Case No.: 8:19-cv-00382-CJC-DFM<br><br>[PROPOSED] JUDGMENT |

    This action came on for hearing before the Court, Honorable Andrew Guilford, District Judge, presiding, and the issues having been duly heard and a decision having been duly rendered.

    It is Ordered and Adjudged that the plaintiff, ADAM GHADIRI, recover of defendants, AMERICAN TIRE DEPOT FULLERTON, ATV INC., and HYE LLC jointly and severally, the sum of $4,000, with interest thereon at the rate provided by law plus the $900 cost totaling to the amount of $4,900.

Dated at_____, this _____ day of _____ of 2019.

                                                            The Honorable Cormac J. Carney
                                                              Unites States District Judge

APPLICATION FOR ENTRY OF DEFAULT JUDGMENT BY COURT

## PROOF OF SERVICE BY FIRST CLASS MAIL—CIVIL

1. I am over 18 years of age and not a party to this action. I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is: 360 E. 1st Street, #324 Tustin, CA 92780.

3. On October 3, 2019, I mailed from Santa Ana, California the following documents:

**PROOF OF SERVICE ON ALL DEFENDANTS RE:**
  1. **MOTION FOR ENTRY OF DEFAULT JUDGMENT BY COURT AGAINST: AMERICAN TIRE DEPOT FULLERTON; ATV INC.; HYE LLC**
  2. **FIRST AMMENDED TO COMPLAINT FOR DAMAGES AND CONJUNCTIVE RELIEF**

[_] The documents are listed in the Attachment to Proof of Service by First-Class Mail—Civil (Documents Served) (Form POS-030(D).).

4. I served the documents by enclosing them in an envelope and:

   a. [_] **depositing** the sealed envelope with the United Sates Postal Service with the postage fully prepaid.

   b. [X] **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:

| AMERICAN TIRE DEPOT FULLERTON<br>1123 W Commonwealth Ave.<br>Fullerton, CA 92833 | ATV INC.<br>14407 Alondra Blvd.<br>La Mirada, CA 90638 | HYE LLC<br>14407 Alondra Blvd.<br>La Mirada, CA 90638 |
|---|---|---|

[_] The name and address of each person to whom I mailed the documents is listed in the Attachment to Proof of Service by First-Class Mail—Civil (Persons Served) (Form POS-030(P).).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: October 3, 2019

PARIS G.                                                    _____
Printed Name                                                Signature