UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

|  |  |
|---|---|
| ADAM GHADIRI,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN TIRE DEPOT FULLERTON, ATV, Inc., HYE, LLC,<br><br>Defendants. | Case No.: SACV 19-00382-CJC(DFMx)<br><br>ORDER STRIKING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [Dkt. 25] AND *SUA SPONTE* DISMISSING FIRST AMENDED COMPLAINT [Dkt. 24] WITH LEAVE TO AMEND |

Plaintiff Adam Ghadiri filed this case on Febraury 27, 2019, asserting claims under the Americans with Disabilities Act and California's Unruh Civil Rights Act against Defendants American Tire Depot Fullerton, ATV, Inc., and HYE, LLC. (Dkt. 1.) On September 20, 2019, the Court denied Plaintiff's motion for default judgment because Plaintiff failed to submit a declaration in compliance with Local Rule 55-1. (Dkt. 23 at

-1-

2.) The Court also dismissed the Complaint without prejudice, explaining that it could not understand Plaintiff's ambiguous and contradictory allegations. (*Id.* at 3.) The Court specifically pointed to paragraph 9 of Plaintiff's Complaint as an example of the confusing nature of Plaintiff's allegations. (*Id.*) The Court ordered Plaintiff to file any amended complaint by October 4, 2019. (*Id.*)

On October 3, 2019, Plaintiff filed both a First Amended Complaint (Dkt. 24) and a motion for default judgment (Dkt. 25). Neither document fixes the issues the Court identified.

## I. First Amended Complaint (Dkt. 24)

The First Amended Complaint adds no clarifying information. The only changes move clauses around rather than try to explain to the Court what the Plaintiff claims. Compare, for example, paragraph 9 from the two pleadings:

| Complaint (Dkt. 1) | First Amended Complaint (Dkt. 24) |
|---|---|
| Plaintiff went to AMERICAN TIRE DEPOT FULLERTON in or about January 2019 for routine business. When entering the parking lot, Plaintiff noticed there was no handicap parking space and no signs posted to indicate the location of reserved handicap parking. There was a van access space. However, the paint is faded out and not visible. The condition of the parking lot, therefore, denied Plaintiff, as a disabled person, full and equal access to the business and caused him difficulty and frustration in his attempts to consummate business there. | Plaintiff went to AMERICAN TIRE DEPOT FULLERTON in or about January 2019 for routine business. Upon entering the parking lot, Plaintiff noticed there were no signs posted to indicate the location of reserved handicap parking and there was no handicap parking space. There was a van access space however, the paint is faded out and not visible. The condition of the parking lot, therefore, denied Plaintiff, as a disabled person, full and equal access to the business and cost him difficulty and frustration in his attempts to consummate business there. |

As before, the Court cannot understand Plaintiff's complaint.  Is it that there is no handicap parking space?  (The Court thinks the answer is no, because Plaintiff alleges there was a van access space.)  Is it that there was not enough signage on the handicap space?  (The Court thinks the answer is no, because Plaintiff alleges there was no handicap space, so why would there be a sign?)  Is it that there was no sign on the van access space?  (The Court thinks the answer is no, because Plaintiff only seems to allege that there was faded paint as to the van access space.)  Because the Court still cannot understand Plaintiff's claims, it *sua sponte* **DISMISSES WITH LEAVE TO AMEND** Plaintiff's First Amended Complaint.  Plaintiff shall file any amended complaint no later than Friday, October 25, 2019.

**II. The Motion for Default Judgment (Dkt. 25)**

The motion for default judgment—aside from being untimely, among other issues—also fails to remedy the issues the Court identified in its September 20, 2019 order.  For example, the declaration accompanying the motion still fails to state whether the defaulting party is an infant or incompetent person, and that the Servicemembers Civil Relief Act does not apply.  *See* Local Rule 55-1.  It also contains new problems, including that the declaration fails to clearly identify the pleading to which default was entered (since the Plaintiff's signature on the declaration pre-dates the filing of the First Amended Complaint by over a month), and—assuming the motion is meant to apply to the First Amended Complaint—fails to identify when default was entered (since it has not been as to the First Amended Complaint).  *See id.*  The Court hereby **STRIKES** the motion for default judgment (Dkt. 25).

This is the second time the Court has dismissed an inadequate complaint and rejected a procedurally improper motion for default judgment from Plaintiff.  The Court recognizes that Plaintiff is proceeding *pro se*, but advises him that the Court will not

tolerate repeated failures to follow local rules. The Court is especially concerned with the lack of effort to follow the Court's order and local rules reflected in the recent filings. Future failures to follow the local rules may result in dismissal of Plaintiff's operative complaint with prejudice.

DATED:   October 4, 2019

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE